CUMMINGS v. HUBBELL.
Civ. No. 88.

District Court, W. D. Pennsylvania.
March 5, 1948.

See also 7 F.R.D. 360.

Thomas W. Barber, of Erie, Pa., for plaintiff.

William W. Knox, of Erie, Pa., for defendant.

FOLLMER, District Judge.

This is a suit under the reemployment provisions of Section 8 of the Selective Training and Service Act of 1940, as amended, Title 50 U.S.C.A.Appendix § 308, and as extended by the Service Extension Act of 1941, Title 50 U.S.C.A.Appendix § 357.

The plaintiff seeks reemployment with the defendant under the conditions which prevailed at the time of his induction into the Army of the United States, and compensation for loss in wages and earnings suffered by him by reason of the defendant's alleged wrongful failure and refusal to return him to his former position.

The relevant portions of the Act, 50 U.S.C.A.Appendix, Sec. 308, are as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer * * * and (3) makes application for reemployment within ninety days after he is relieved from such training and service * * *

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;"

### Findings of Fact.

1. This Court has jurisdiction of the parties and of the subject matter under Section 8(e) of the Selective Training and Service Act, as amended, Title 50 U.S.C.A. Appendix § 308(e) and as extended by the Service Extension Act of 1941, Title 50 U.S.C.A.Appendix § 357.

2. Plaintiff and defendant are both residents of the City of Erie, and State of Pennsylvania, and within the jurisdiction of this Court.

3. Defendant is engaged, as the sole owner and proprietor, in the City of Erie, and under the trade name of Hubbell Supply Company, in the sale of janitorial and institutional supplies.

4. Plaintiff entered the employ of defendant as a salesman January 1, 1941, and continued in that capacity until his induction into the armed services on December 4, 1943.

5. During the entire period of this employment the complete personnel of the business consisted of the defendant, the proprietor; the plaintiff, a salesman; and Mildred Green, bookkeeper.

6. Plaintiff was honorably discharged from the armed services of the United States at Denver, Colorado, on September 2, 1944.

7. Approximately two weeks after his return to Erie, plaintiff moved with his family first to Fort Lauderdale, Florida, and then to Miami, Florida, where he secured employment as a clerk with Swift & Company for whom he continued to work until February, 1945.

8. That he was unemployed from the latter part of February, 1945, until the latter part of March, 1945, when he and his family moved to Allentown, Pennsylvania, where they remained with his wife's parents until August 1, 1945.

9. That during his stay in Allentown, Pennsylvania, plaintiff had part time employment with Reading Railroad Company.

10. That plaintiff and his family returned from Allentown, Pennsylvania, to Erie, Pennsylvania, about August 1, 1945.

11. That from August 1, 1945, until April, 1946, plaintiff was not steadily employed.

12. That in April, 1946, plaintiff accepted employment by Superior Oil Works for whom he worked until August, 1946.

13. That since August, 1946, plaintiff has been in the merchandise and equipment brokerage business.

14. That at no time while plaintiff was in the service did he discuss with defendant the matter of his reemployment at the position he held before he entered the service.

15. That plaintiff did not on his return from service make an oral demand for reinstatement.

16. That at no time did plaintiff consult the United States Attorney relative to his reinstatement by defendant.

17. That at no time during his stay in Florida or subsequently at Allentown, Pennsylvania, did plaintiff request reinstatement by defendant.

18. That some time in the summer of 1945, plaintiff told defendant that he had the cash available if he wanted to go into business for himself.

19. That in December, 1945, plaintiff called on defendant and told him that he was still working for Superior Oil Works and would be for some time, but that when he severed his connections there he desired to return to his old position with defendant; that defendant replied it was then too late, that he had made other arrangements.

20. That defendant had hired Edward Wascharka as a salesman, effective January 1, 1946.

21. That in the latter part of February, 1946, plaintiff wrote defendant demanding his old job back.

22. That plaintiff instituted this suit August 30, 1946.

## Discussion.

Most of the testimony in this case is flatly contradictory.

Plaintiff contends that within five days from his discharge, to wit., on September 7, 1944, in company with his wife, he called on the defendant at his place of business and advised him that he desired to return to his former position of employment; that two days later, on September 9, 1944, he again contacted the defendant and was refused employment on the ground that the business did not warrant the hiring of another man. He claims that on his return to Erie about August 1, 1945, after his stay in Florida and Allentown, Pennsylvania, he again requested reinstatement by defendant and was again refused; that thereafter in October and December, 1945, he renewed his application with the same result. On the other hand, defendant contends that plaintiff made no overtures to return to work until December, 1945.

In Kay v. General Cable Corporation, D.C., 59 F.Supp. 358, 359, 360, the Court very aptly said, "The purpose and intent of Congress in framing section 8 of the Selective Training and Service Act was, I think, twofold. It was designed to provide for the rehabilitation of the returning veteran so that he might be equipped to enter a highly competitive world of job finding without the handicap of a long absence from work, as well as to provide for his financial stability for the period of at least one year following his discharge from service. The act aimed, in my opinion, to present an opportunity for men to reacquire dormant skills and to provide an equal opportunity to return to the pursuit of the work for which they have a particular aptitude. * * *"

With this concept, of course, there can be no argument. On the other hand, the Act also provides that the application for reemployment be made within 90 days after his relief from training and service.

The first duty of the Court in this case is to determine, as nearly as possible, the real factual situation. As the court stated in Van Doren v. Van Doren Laundry Service, Inc., D.C., 68 F.Supp. 938, at page 940, "In a disputed question of fact, I must give credence where the reasonable things seem true."

We are dealing here with a very small concern, the proprietor and two employees. The activities of the business were purely local. The relationship between the plaintiff as salesman, and the defendant as proprietor, was necessarily close and intimate. The whole situation negatives any thought that plaintiff might have been misinformed or mislead. There is no testimony that the matter of plaintiff's reemployment was discussed either at the time of his induction or during the entire time he was in the service, a period of nine months.

The testimony is undisputed that within two weeks after his return to Erie plaintiff left Erie, took up his residence and secured employment in Florida, where he remained for about five months, moving from thence to Allentown, Pennsylvania, where he remained for four months before returning to Erie. That during this entire time the matter of his reemployment was never mentioned.

After his return to Erie, plaintiff on at least one occasion indicated to defendant that he had the cash available if he decided to go into business for himself; and about the same time accepted some slight employment in a concern competitive with defendant, and actually did some business with a former customer of his during his original employment with defendant.

Confining ourselves to the 90 day period following his discharge, plaintiff contends that he interviewed defendant relative to his employment on only two occasions, namely, September 7, 1944, and September 9, 1944. He says that on the first call "We made arrangements to start work on the following Monday or September 11, 1944." In relation to the second call, his testimony was as follows:

"Q. Now, what did Mr. Hubbell say at that time? A. Why, Mr. Hubbell said he decided the business didn't justify placing me back in employment at that time.

"Q. And what did you say? A. Well, I said, 'Well, I suppose that is that, you are the boss.'"

All of this testimony is denied by the defendant and by Mrs. Green, the book-keeper, who was present on all interviews.

■ The burden is on the plaintiff to bring himself within the provisions of the Act by showing that he made a demand for reinstatement within the 90 day period following his discharge. This he has failed to do. McCarthy v. M & M Transp. Co., 1 Cir., 160 F.2d 322.

■ Furthermore, the Court is impressed by three other features of the case which, in attempting to evaluate all of the testimony to ascertain the simple truth stripped of all technical restrictions, stand out in bold relief. The plaintiff on being asked whether he had at any time consulted the Selective Service System, the Veterans Administration, or the United States Attorney, replied that he had not, that he was fully acquainted with his rights.

Secondly, assuming, for the sake of argument, that plaintiff did within five days after his discharge request reinstatement to his old position, and which, as above indicated, we have found to the contrary, and having in mind the further fact that according to his own statement he did not consult the United States Attorney because he was fully acquainted with his rights, there is both by his speech and his conduct convincing evidence that he had abandoned whatever claim he might have had. At the time of the conversation above related, being informed of defendant's intention not to reemploy him, and fully aware of his rights, he should have immediately instituted suit. On the contrary, he left with his family, took up his residence and accepted employment in a distant state, did not return nor renew his request for reemployment for a period of approximately nine months. Under the circumstances plaintiff not only, in my opinion, abandoned his claim but is barred by his laches at this late date from asserting it.

This is not the case of one who through no fault of his own, after having made positive and affirmative demand for reinstatement, has been deprived of the salutary provisions of the Act. Grasso v. Crowhurst et al., 3 Cir., 154 F.2d 208. He made his own choice, apparently became dissatisfied and finally determined to start all over again.

The third feature is plaintiff's change of position on his claim for damages. In both his orignal and his amended complaint plaintiff claimed that his contract of employment called for one-half of the net profits of the business. At the trial he admitted the statements in the complaints were incorrect, that on the contrary he was originally employed on a straight salary basis which was later changed to a weekly drawing account plus 50 per cent of the net profit on sales that were made on accounts assigned to him or that he had listed.

The testimony unmistakenly leaves the impression that the case is constructed from the wrong end.

I am convinced that no demand for reinstatement was made within the 90 day period.

### Conclusions of Law.

Conformably to the foregoing, it is my conclusion and ruling that the petitioner has not met the burden of proving that he made a demand for reinstatement within 90 days after his discharge from the Army.

Judgment accordingly for defendant.