## MARQUE v. STERN.
### Civ. No. 3240.

United States District Court
M. D. Pennsylvania.
Feb. 7, 1950.

WATSON, Chief Judge.

This is a petition by Harold A. Marque for enforcement of his rights as a veteran against Julius Long Stern, trading as Isaac Long, under the Selective Training and Service Act of 1940, as amended, which provides, in part: "In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—* * * (B) if such position was in the employ of a private employer, such employer shall restore such person * * * to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." [1] The case was tried before the Court without a jury.

It appears from the evidence that Harold A. Marque, Petitioner here, was hired in October, 1941, as assistant buyer in three departments of the Isaac Long Store, Wilkes Barre, Pennsylvania, which is owned and operated by the Respondent, Julius Long Stern, and his wife. According to the testimony of the Respondent, he told Petitioner in June, 1942 that Petitioner's services were unsatisfactory and it was time they were terminated, to which Petitioner replied that he realized the matter had worked out badly, but asked for temporary employment until his induction into the armed forces, and Respondent agreed under the circumstances to go along with such temporary employment. Petitioner denies that this conversation took place.

It further appears that in August, 1942 the Petitioner left the Respondent's store, was inducted into the United States Army and remained there until honorably discharged in July, 1946. The Petitioner requested reemployment in Respondent's store at the time of his discharge, and the Re-

Arthur A. Maguire, U. S. Attorney, Scranton, Pa., Joseph P. Brennan, Asst. U. S. Attorney, Scranton, Pa., for petitioner.

Arthur Silverblatt, Wilkes Barre, Pa., for respondent.

---

1. 50 U.S.C.A., Appendix, § 308(b).

308

spondent wrote to Petitioner refusing reemployment and recalling the conversation of June, 1942, above referred to.

■ The purpose of that portion of the Selective Training and Service Act of 1940, supra, which relates to the reemployment of veterans, was to assist the returning serviceman in rehabilitation to civilian life and to protect him from the possibility of any loss in economic status which might have resulted from his participation in the war. The Supreme Court of the United States sets forth the purpose of the Act, as follows: "The Act was designed to protect the veteran in several ways. He who was called to the colors was not to be penalized on his return by reason of his absence from his civilian job." [2] The Act gave to the veteran who had held a permanent position prior to entering the military service the right to return to that position for one year after his honorable discharge from the military service, but, by the words of the Act itself, this right was extended only to those who held "other than a temporary position" up to the time of their entry into the military service. Clearly the Petitioner here has no rights to restoration or compensation if his employment in the Respondent's store was temporary immediately preceding his induction into the United States Army in August, 1942.

If the testimony of the Respondent concerning the June, 1942 conversation with the Petitioner is true, then the Petitioner's position was a temporary one from June to August, 1942. The Petitioner contends that his testimony on this point, namely, that no such conversation occurred, must be accepted as true, and attempts to support his contention by pointing to a letter written to Petitioner by Respondent after being notified of Petitioner's induction into the United States Army. In this letter Respondent thanked Petitioner for the telegram giving notice of Petitioner's induction, wished Petitioner happiness in what he was doing; stated that he would appreciate hearing from Petitioner later as to what he was doing and how he liked it; said that, if there

was anything he could do for Petitioner in New York or Wilkes Barre, that Petitioner was not to hesitate to ask; remarked that he enjoyed working with Petitioner very much and had the nicest opinion of him; suggested that when Petitioner was in a position to do so again he would be pleased to have Petitioner get in touch with him, and closed with kindest regards from Mrs. Stern, himself, and every one in the store.

The Petitioner argues that such remarks would not be made by an employer to an employee with whom he had such a conversation as was described by Respondent. It is my opinion that such letter may be considered a normal note of encouragement which could and even should be written by an employer to an employee just inducted into the Armed forces during war time, whether satisfied or dissatisfied with his employee's services; and whether the employee was a temporary or permanent one. Probably thousands of similar letters were received by new inductees in the Armed forces from relatives, employers, and even casual friends. For these reasons Petitioner's arguments based on this letter are not persuasive.

The Respondent's version of the June, 1942 conversation is supported by Petitioner's delay in asserting any right to reemployment he may have had and by the Petitioner's testimony to the effect that he has made no recent overtures to get into the department store field because he felt he would be "better off in seeking a new field of endeavor."

■ This Court finds as a fact that in June, 1942 the Respondent did tell Petitioner that his services were unsatisfactory and that it was time they were terminated, but, after the request of the Petitioner for temporary employment until his induction into the United States Army, agreed to and did retain Petitioner as a temporary employee.

■ Assuming that Petitioner's position prior to induction was permanent (a fact which this Court has found did not exist), Petitioner, nevertheless, is barred from reinstatement and recovery under the Act be-

2. Fishgold v. Sullivan Drydock & Repair Corp. et al., 1946, 328 U.S. 275, 66 S.Ct. 1105, 1110, 90 L.Ed. 1230, 167 A.L.R. 110.

cause of his delay in asserting his rights, if any such rights existed, and this Court has found that they did not. Petitioner was denied reemployment by letter dated July 13, 1946, but by his own testimony made no attempt to assert any rights he may have had until April, 1947, about nine months later. Suit was not instituted until August 11, 1948, which was more than two years after Respondent's refusal to reemploy Petitioner. During these two years Petitioner was employed in various hotels in distant states.

In Cummings v. Hubbell,[3] after finding as a fact that the Petitioner there failed to show that he had made demand for reinstatement within the prescribed ninety day period following his discharge, Judge Follmer stated, inter alia: " * * * being informed of defendant's intention not to reemploy him, and fully aware of his rights, he should have immediately instituted suit. On the contrary, he left with his family, took up his residence and accepted employment in a distant state, did not return nor renew his request for reemployment for a period of approximately nine months. Under the circumstances plaintiff not only, in my opinion, abandoned his claim but is barred by his laches at this late date from asserting it." In Daniels v. Barfield, et al.,[4] Judge Follmer again speaks of delay in the institution of these actions stating, inter alia: "Delay not only deprives the Court of the opportunity of rendering prompt aid to those entitled to it but places the defendant at a disadvantage in being lulled into a false sense of security."

The Petitioner is not entitled to restoration of his position by Respondent and is not entitled to any compensation by the Respondent for loss of wages, because his position with Respondent prior to induction into the Armed forces was a temporary one, and the terms of the Act exclude temporary employees from such relief. Even assuming that Petitioner's position with Respondent prior to his induction was permanent, a fact which this Court has found did not exist, Petitioner would be barred from reinstatement and recovery by his laches in pursuing his remedies.

From the evidence the Court finds the following facts:

1. The Petitioner, Harold A. Marque, was employed on October 10, 1941, in the Respondent's department store, the Isaac Long Store, in Wilkes Barre, Pennsylvania, as assistant buyer of sportswear, dresses and millinery at a salary of $60 per week.

2. The Petitioner continued this permanent employment as assistant buyer in Respondent's department store until June, 1942.

3. In June, 1942, Respondent told Petitioner that his services were unsatisfactory and that it was time they were terminated. Petitioner stated that he realized too, that the matter had worked out very badly, but said: "You know I am liable to be called for the draft * * * . When this is over, you have my resignation now, but if you can give me temporary employment until the time I am called to the service I should be very grateful to you because I need the money." Respondent answered that, under the circumstances, he would be very glad to go along on that temporary employment.

4. Petitioner remained in Respondent's store as a temporary employee until August 14, 1942, when he left this employment to report to his Draft Board at Boston, Massachusetts.

5. Petitioner was inducted into the United States Army on August 19, 1942.

6. Petitioner notified Respondent of his induction into the United States Army by telegram in August, 1942. Respondent acknowledged receipt of this telegram by letter dated August 20, 1942, in which he wished Petitioner happiness in what he was doing, stated that he would appreciate hearing from Petitioner later as to what he was doing and how he liked it, said that if there was anything he could do for Petitioner in Wilkes Barre or New York that Petitioner was not to hesitate to ask, and closed with the following remark, "I want to say that I have enjoyed working with you, have the nicest opinion of you, and, when you are in a position to do so again,

3. D.C.W.D.Pa.1948, 76 F.Supp. 453, 456.

4. D.C.E.D.Pa.1948, 77 F.Supp. 283, 285.

will be pleased to have you get in touch with me. I remain with kindest regards from Mrs. Stern, myself and everyone in the store here. * * *"

7. Petitioner was separated from active duty in the United States Army in April, 1946, and was honorably discharged from the United States Army at the expiration of his terminal leave on July 17, 1946.

8. In July, 1946, Petitioner wrote to Respondent concerning his return to work in Respondent's department store. Respondent declined to reemploy Petitioner by letter dated July 13, 1946, and recalled to Petitioner the circumstances of his employment prior to his induction into the United States Army.

9. Petitioner made no further effort to secure reemployment by Respondent until nine months later when he visited his Draft Board in Boston, Massachusetts some time in April, 1947. This suit was not instituted until August 11, 1948.

10. Petitioner has not been reemployed by Respondent up to the present time.

11. From the time of his discharge from the United States Army to the present time, Petitioner has been employed off and on as desk clerk in various hotels in Florida and New York. Petitioner has made no recent overtures to get into the department store field because he felt he would be "better off in seeking a new field of endeavor." Petitioner is ready, willing and able to return to work at Respondent's department store.

The Court makes the following Conclusions of Law:

1. When Petitioner, Harold A. Marque, left his position with the Isaac Long Store to report to his Draft Board for induction into the military forces, he did not leave "other than a temporary position" within the meaning of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 308(b).

2. If Petitioner were otherwise entitled to relief, under the Selective Training and Service Act of 1940, as amended, and this Court has determined above that he is not so entitled, he would be precluded from relief by reason of laches, in asserting his rights.

3. Petitioner, Harold A. Marque, is entitled neither to reinstatement to his former position nor to compensation for loss of wages.

4. The prayer of the petition of Harold A. Marque should be denied, and the said petition should be dismissed.

It is ordered that the prayer of the petition of Harold A. Marque be, and it hereby is, denied, and that said petition be, and it hereby is, dismissed. It is further ordered that the Clerk of this Court enter judgment in favor of Respondent, Julius Long Stern, trading as Isaac Long.