**Isadore DONNER, Plaintiff-Appellant,**

**v.**

**David H. LEVINE et al., Defendants-Appellees.**

**No. 239, Docket 23916.**

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1956.

Decided April 6, 1956.

James F. Rosen, Arthur A. Abeshouse, New Haven, Conn., for plaintiff-appellant.

Morris Tyler, John H. Filer, New Haven, Conn. (Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., of counsel), for defendants-appellees.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Isadore Donner, plaintiff-appellant, at the age of 19 went to work for defendants' New Haven Quilt and Pad Company in 1936. After some months, during which he operated a sewing machine, he obtained other employment, but returned in 1939 and for a considerable period continued as a sewing machine operator. Charles Kaplowitz, a brother-in-law of one of the defendants, was plaintiff's foreman and another relative, Herman Cohen, worked in the commercial comforter department and had been in defendants' employ for some time prior to plaintiff's arrival on the scene.

Later, and as a result of competitive bidding, the firm received some large orders from the government, and the pad department where plaintiff worked was put on a day and night shift basis, with Kaplowitz in charge of the night shift and plaintiff in charge of the day shift. Plaintiff was then 24 years of age. Until two months before he was drafted into the armed services of the United States in October, 1942, he had been receiving $33 a week plus a bonus, but his rate of pay when he left was "$41 per week plus one quarter of a cent per comforter per day manufactured on the day shift," according to his testimony. The "comforter" referred to here is the army type manufactured in defendants' pad department, which differs markedly from those produced in the commercial comforter department, under the supervision of Cohen.

Plaintiff returned from the service in the early part of 1946 and almost immediately resumed work at defendants' factory. In July, 1949, he left to enter

the employ of one of defendants' competitors, and, at the time of the trial resided in Skokie, Illinois. The basis of the action is the alleged failure on the part of defendants to pay him what was his due under the statute passed by the Congress for the benefit of returning servicemen, the pertinent terms of which are quoted below. The jury returned a verdict in plaintiff's favor of $4500, about one-half of what he claimed was due, and, on a motion *non obstante veredicto*, the trial judge set aside the verdict and dismissed the action. Plaintiff appeals from the judgment thus rendered against him.

The basis of the dismissal was: (1) the fact that plaintiff had been restored to his former position, with no diminution but rather an increase in his rate of compensation, despite the fact that the bonus did not come up to what he had received due to the government orders in 1941 and 1942 and hence disappointed his expectations; and (2) that plaintiff had slept on his rights and was chargeable with laches. We think Chief Judge Smith was right on both points.

The statute, now 50 U.S.C.A.Appendix, § 459, is long and involved, but it may readily be paraphrased and the portions pertinent to this case duly quoted. No provision is made for those holding temporary positions at the time of their induction. Others are given certain rights against their employers, provided application for reemployment is made within 90 days after leaving the service. With respect to a private employer the requirement is that, if the employee is still qualified to do the work, he must be restored to his former position "or to a position of like seniority, status, and pay". He "shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces," and, accordingly, he "shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces". And it is further provided that he "shall not be discharged from such position without cause within one year after such restoration."

■ There is ample internal evidence to indicate that the Congress intended to create a speedy and expeditious remedy "to assist the returning serviceman in rehabilitation to civilian life and to protect him from the possibility of any loss in economic status," which might very naturally follow the loss or impairment of his accustomed skills. See Marque v. Stern, D.C.M.D.Pa., 88 F.Supp. 306. Thus, in addition to the requirement that he be not discharged without cause for a year after his reemployment, the procedural machinery created to make the legislation serve its purpose contemplates a proceeding in the district court of the United States for the district in which the employer maintains a place of business, "specifically to require such employer to comply" and "to compensate such person for any loss of wages or benefits". It is directed that a "speedy hearing" be had, such cases are to be advanced on the calendar, and, if the United States Attorney of the district "is reasonably satisfied" that the case has merit, he must represent the veteran, who need pay no legal or court fees.

■ *Plaintiff was restored to precisely the position he had when he left, that of foreman in the pad department. His weekly wages were increased from the $41 he had been receiving in the fall of 1942 to $44.* The bonus, while not based upon production as before, was greater than it would have been had plaintiff been paid at the rate of "one quarter of a cent per comforter," which was the arrangement in effect when he entered the service. No union is involved and there were no insurance or other benefits within the meaning of the statute.

But plaintiff insists that he be given the same treatment as Cohen, and he stresses the fact that Cohen is a relative of the defendants. But Cohen was employed by defendants long before plaintiff, and Cohen holds the same position

he did before, foreman of the commercial comforter department. The position held by plaintiff and the one held by Cohen were not the same.

While Cohen's department has prospered, due, we may assume, to good fortune rather than to any extraordinary efforts on the part of Cohen, and plaintiff's pad department has declined due to the loss of the government orders, these are circumstances which have no real bearing on the case.

■ That plaintiff was guilty of laches is equally clear. Indeed, there is every reason to suppose that plaintiff thought he had been accorded every reasonable consideration. The claim that he should be paid the same amount as was paid to Cohen is patently an afterthought. In any event, the unexplained delay of over three years is too much, especially as the statute specifically provides a cut-off period of one year, as above stated.

Affirmed.