**Curtis R. BLAIR et al., Plaintiffs,**

v.

**PAGE AIRCRAFT MAINTENANCE, INC., Defendant.**

**Civ. A. Nos. 1128-S—1132-S.**

United States District Court,
M. D. Alabama, S. D.

Nov. 19, 1971.

---

Ira DeMent, U. S. Atty., F. E. Leonard, Jr., and Kenneth E. Vines, Asst. U. S. Attys., Beverley R. Worrell, Regional Sol., and Roger J. Martinson, Atty., U. S. Dept. of Labor, Atlanta, Ga., for plaintiffs.

Edward E. Soulé, Lytle, Soulé & Emery, Oklahoma City, Okl., for defendant.

## ORDER

JOHNSON, Chief Judge.

In each of these consolidated cases the plaintiff is an employee of defendant who for some length of time left defendant's active employ to serve in the armed forces. Likewise, in each case the plaintiff claims that defendant has refused him the seniority, status, pay and vacation he would have received had he not been absent from his employment to perform his military obligation. The cases have been submitted without hearing upon the stipulation of the parties, various interrogatories with appropriate answers thereto and the parties' pleadings and briefs.

These cases present two issues: whether the particular plaintiff is entitled to the back pay and other relief and whether any of these actions is barred by the Alabama Statute of Limitations.

■ The International Association of Machinists and Aerospace Workers is the collective bargaining agent for certain of defendant's employees, including these plaintiffs. Pursuant to a bargaining agreement between it and the union,

defendant has consistently determined that time spent on leave of absence for military service of five days or longer would not be counted as time worked in computing progression periods for progression wage increases. It is defendant's view that this is consistent with 50 U.S.C.App. § 459(c) (1) which provides that a returning serviceman "shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces." Defendant does treat those leaving for military duty as going on leave of absence; it simply does not restore those with duty of five days or more to the position they would have had if they had not served.

Title 50 U.S.C.App. § 459(c) (2) provides that:

It is declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

This statutory statement of intent furnishes a clear answer to defendant's contention. It is manifest to this Court that it would work an unwarranted frustration of congressional intent to permit the bargaining agreement to prevail over the statute. The Court concludes that each plaintiff is statutorily entitled to recover the amount sought from the defendant.

■ The remaining question is whether Alabama's one year statute of limitations presents a bar to any plaintiff's recovery. These several actions were filed simultaneously on April 9, 1971, by the United States Attorney on behalf of each plaintiff. In each case the period of military duty in issue occurred more than one year before the filing of the suit. Title 7, Alabama Code § 26 provides in pertinent part that:

Limitation of one year.—The following must be commenced within one year:

\* \* \* \* \* \*

Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated.

This claim formed the basis of defendant's motion to dismiss filed early in these cases. The Court is as convinced now as it was at the time of the motion's denial that the statute of limitations is inapplicable here due to the equitable nature of the relief sought.[1]

■ Nor is the allied question of laches appropriate to these cases. The delay has worked no hardship to defendant; the only substantive issue here is the legal question of whether any of the plaintiffs is entitled to back pay and other relief. The facts of each plaintiff's employment are not and have not been in dispute. The frequency and duration of absence for each plaintiff is easily verified from readily available and easily understood business records. The memory of witnesses, rendered less accurate by the passage of time, is not a factor here inasmuch as the parties have stipulated the facts and submitted on their briefs. The Court concludes that neither the statute of limitations nor laches bars the action of any of the plaintiffs.

1. See Witty v. L. & N. R. R., 342 F.2d 614 (7th Cir. 1965) (seniority); Carmalt v. GMAC, 302 F.2d 589 (3d Cir. 1962) (reinstatement and loss of wages); Leonick v. Jones & Laughlin Steel Corp., 258 F.2d 48 (2d Cir. 1958) (reinstatement and damages); Delman v. Federal Prods. Corp., 251 F.2d 123 (1st Cir. 1958) (reinstatement, seniority, status, loss of wages); Donner v. Levine, 232 F.2d 185 (2d Cir. 1956); Conseglio v. Pennsylvania R.R., 211 F.Supp. 567 (S.D.N.Y. 1962) (seniority); Annot., 29 ALR 2d 1279.

The Court is of the opinion that a final observation is appropriate. The determination has been reached that the delay which has occurred in these cases has not prejudiced nor worked a hardship upon the defendant. This is not to say, however, that the dilatory approach and attitude of the Department of Justice, amply expressed in each of these cases, worked no hardship upon the individual plaintiffs. In the case of Curtis R. Blair, the plaintiff first contacted the Department of Labor on October 28, 1965. After almost a year of unsuccessful, informal negotiation with the defendant, the Regional Director in September 1966 referred the case to the Department of Justice which in turn referred the case to the United States Attorney for this district in October of that year. Thus, recovery for this plaintiff comes more than six years after he initiated inquiry and more than five years after reference of the case to the proper prosecutorial officials. While the remainder of the consolidated cases present somewhat less egregious factual circumstances, they are no mitigation for this unexplained and inexcusable delay.

Accordingly, it is the order, judgment and decree of this Court:

1. That plaintiff Curtis R. Blair recover from the defendant the sum of $160.00.

2. That plaintiff W. M. Giles recover from the defendant the sum of $154.00.

3. That plaintiff Ronald Lyle Burns recover from the defendant the sum of $716.00.

4. That plaintiff Roger Wilson recover from the defendant the sum of $672.80.

5. That plaintiff Delma G. Johnson recover from the defendant the sum of $364.00.

It is further ordered that the defendant grant forthwith to each of these plaintiffs the seniority, status and rate of pay to which he would have been entitled 'had he not left defendant's employ for military duty.

It is further ordered that the costs of these actions be and they are hereby taxed to the defendant for which execution may issue.