PURDIE *v.* DETROIT POLICE DEPARTMENT TRIAL BOARD.

1. MUNICIPAL CORPORATIONS—POLICE OFFICERS.

Law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer and enforce the law.

2. SAME—POLICE DEPARTMENT TRIAL BOARD—POLICE SERGEANT—REHEARING—WITNESSES.

Police sergeant who had been acquitted of charge of conspiracy to obstruct justice, and was then tried by city police department trial board on charge of conduct unbecoming an officer at which latter trial two witnesses testified that they had illegally paid money to plaintiff while he was a police officer and he was then dismissed, was properly denied a rehearing by the police trial board where the two witnesses who had testified unreservedly at examination and trial on criminal charge had appeared as unwilling witnesses at board's trial and sergeant, plaintiff in mandamus proceeding against the trial board,

claims such witnesses now say their testimony was a mistake and claims they would give correct testimony which would result in the trial board reversing its decision, since the trial board had sufficient foundation for its determination as to rehearing.

3. CONSTITUTIONAL LAW—COURTS—ADMINISTRATIVE BODIES.
   A court must not usurp the functions of an administrative body.

4. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT TRIAL BOARD—JURISDICTION—FINDINGS—EVIDENCE.
   While a city police department's trial board, in disciplining a police sergeant, acts in a quasi-judicial capacity, it is still part of an administrative department and its action may not be disturbed as long as the essentials of jurisdiction have been followed and its finding of fact is supported by evidence.

5. COSTS—PUBLIC QUESTION—REHEARING BY POLICE DEPARTMENT TRIAL BOARD.
   No costs are allowed in mandamus proceeding by former police sergeant to compel city police department trial board to grant him a rehearing because two witnesses who had testified at hearing preceding his dismissal were claimed willing to change their testimony, a matter of public interest being involved.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 10, 1947. (Calendar No. 43,583.) Decided June 27, 1947.

Mandamus by James Purdie to compel the Detroit Police Department Trial Board to grant him a rehearing. Writ granted. Defendant, appeals. Reversed and remanded for entry of judgment dismissing petition.

*Buckingham, Piggins & Rehn,* for plaintiff.

*William E. Dowling,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for defendant.

REID, J. Plaintiff filed a petition for writ of mandamus in the Wayne circuit court against the De-

troit police department trial board, defendant, to compel a rehearing which had been denied plaintiff. The trial court granted the writ. Defendant board appeals.

Plaintiff was a sergeant in the Detroit police department; in 1940 he was indicted by the so-called Ferguson grand jury, on a charge of conspiracy to obstruct justice, and was tried in 1942 and found not guilty by the verdict of the jury in a trial in which Albert Needham and Joseph McCarty were witnesses. Subsequently and on December 16, 1942, he was tried before the Detroit police department trial board on a charge of conduct unbecoming an officer. At the police board trial Needham and McCarty testified that they had illegally paid money to Purdie while he was a police officer. On March 30, 1943, as a result of the trial before said board, plaintiff was dismissed from the Detroit. police department.

Plaintiff in his petition for a rehearing filed September 27, 1945, claims that the two witnesses Needham and McCarty now say that their testimony was a mistake and plaintiff claims that if they were now put on the stand they would give correct testimony as a result of which the defendant trial board would reverse the former decision of the trial board suspending plaintiff as a member of the department.

It appears from the exhibits attached to the answer and return of defendant board that the board denied a rehearing for the. following reasons:

"1. Because the Supreme Court of the State of Michigan has heretofore ruled that James Purdie had a fair and legal trial before the police trial board of the Detroit police department and upheld the order of dismissal.

"2. Because there is nothing contained in the petition for rehearing to warrant or justify the granting of the petition for rehearing of the case."

The ruling of this Court above referred to is in the case of *Aller* v. *Detroit Police Department Trial Board,* 309 Mich. 382, decided September 11, 1944, in which we say, p. 384:

"Thirty-three police officers of the city of Detroit, who had been indicted by the so-called one-man grand jury conducted by Circuit Judge Homer Ferguson, were subsequently tried together with John Roxborough and Elmer Ryan. * * * They were either found not guilty or the information which had been filed against them was dismissed on motion. Immediately after the conclusion of the criminal trials, written charges were filed with the superintendent of police, charging each of them with conduct unbecoming an officer."

The name of Purdie, plaintiff in the case at bar, appears at page 388 of the opinion in the *Aller Case, supra,* and in that case as to Purdie, our finding was in favor of the defendant trial board as to the fairness of the trial.

It is fairly clear, therefore, that the defendant trial board in considering plaintiff's petition for rehearing in the case at bar had in mind the trial and review of the trial in the *Aller Case, supra.* It further appears from the answer and return of the defendant board that the defendant board had before it the testimony taken before the trial board of the department at plaintiff's trial which began December 16, 1942, and culminated in the order of dismissal of March 30, 1943. Two of the former members of the trial board are no longer members of the Detroit police department.

The following further appears in the answer and return of the defendant board:

"The record of the proceedings before the police trial board include the sworn testimony given by the said Albert Needham and Joseph McCarty before the Honorable Homer Ferguson, circuit court

judge, sitting as the examining magistrate, and before the Honorable Earl Pugsley, sitting as the trial judge, and that such testimony would have been sufficient to sustain the findings of the trial board."

It is very clear, therefore, that the testimony of said two witnesses Needham and McCarty, given before the examining magistrate and afterward their testimony upon the trial before the circuit judge and jury, was also available to the defendant trial board and considered by them.

A careful examination of as much of the testimony as appears in the record, of said two witnesses on various occasions on which they have testified, might well lead the defendant trial board to conclude that said two witnesses Needham and McCarty were testifying without reserve when before the examining magistrate and afterwards on the trial in circuit court, but that their testimony before the trial board indicated that in the meantime they had become willing to forget their former testimony, in other words, had become unwilling witnesses. There was sufficient showing before the defendant trial board to be the basis for a conclusion upon its part that it is unimportant now to discover how far the same two witnesses would be willing to vary from their testimony heretofore given and thus afford plaintiff a specious argument for more favorable consideration. There is no affidavit in the record of either Needham or McCarty that their testimony was perjured or false.

As we said in the *Aller Case, supra,* p. 389 of the opinion:

"Law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer and enforce the law."

Taking into consideration all the evidence which the defendant trial board had in its possession or to which it had access, there was sufficient foundation for its determination not to grant a rehearing to plaintiff. There was testimony that plaintiff had accepted bribes.

Our decision in the *Aller Case, supra,* determined that competent evidence had been presented against Purdie to support his dismissal, notwithstanding his acquittal by the jury in circuit court.

It is not in our province in this decision to undertake to condemn or exculpate plaintiff Purdie. Our sole duty is to discover whether the defendant trial board had sufficient foundation for its determination. The trial board shows a valid reason for its action. Such action therefore must be affirmed.

"We must not usurp the functions of an administrative body." *Goodfellow* v. *Detroit Civil Service Comm.,* 312 Mich. 226, 232.

The foregoing principle is applicable to the case at bar. Even though the defendant trial board was acting in a quasi-judicial capacity, it was still part of an administrative department.

What we said in *Mapley* v. *City of Pontiac,* 288 Mich. 396, 400, respecting the action of a similar trial board of Pontiac, applies to the action of the trial board in the case at bar:

"The action of the board is open to public consideration but not to judicial review in the sense of an appeal nor by certiorari, except it is made to appear as matter of law the essentials of jurisdiction have not been followed. The proceeding was administrative and, under the terms of the charter, the finding of fact by the board is final if supported by evidence."

In view of our decision, other questions raised do not require discussion.

The order of the trial court appealed from granting the writ of mandamus is reversed. The cause is remanded to the circuit court with instructions to render a judgment dismissing the plaintiff's petition. No costs are allowed, a matter of public interest being involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.