## LACEK v. PEOPLES LAUNDRY CO.
### Civ. No. 3545.

United States District Court
M. D. Pennsylvania.

Dec. 5, 1950.

400

Arthur A. Maguire, U. S. Atty., Joseph P. Brennan, Asst. U. S. Atty., Scranton, Pa., for petitioner.

Felix W. Bolowicz, Wilkes-Barre, Pa., for respondent.

WATSON, Chief Judge.

This is a Petition by Albert C. Lacek for enforcement of his rights as a veteran against the Peoples Laundry Company under the Selective Training and Service Act of 1940, as amended, which provides, in part, as follows: "(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—* * * (B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so * * *."[1] The case was tried before the Court without a jury.

It appears from the stipulations of the parties and the evidence that Albert C. Lacek, Petitioner here, was a regular employee of the Peoples Laundry Company, Respondent, working as a laborer, up to the time of his enlistment in the United States Army Air Corps on January 11, 1942. Petitioner was honorably discharged from the United States Army Air Corps on November 20, 1945, and up to the time of the trial has not been reemployed by the Respondent.

From the evidence the only question of fact to be determined by the Court is whether or not Petitioner did make application for reemployment with Respondent within the ninety day period after his honorable discharge. Petitioner is not entitled to relief under the Act unless his actions within the ninety day period were an application for reemployment within the meaning of the Act.

Petitioner testified that on November 27, 1945, within the ninety day period, he went to the plant of the Peoples Laundry Company, told Joseph J. Kachurak, plant supervisor, that he was coming back to work, and was informed by Kachurak that there were no openings, that things were changed, and that there was nothing to do. Petitioner further testified that he returned to the plant of the Peoples Laundry Company about the 8th or 10th of December, 1945, within the ninety day period, talked to Kachurak the "same way", and was refused a job then. Petitioner did not see James F. Poland, partner and general manager of the Respondent, within the ninety day period.

Joseph J. Kachurak testified that Petitioner did not ask or make application for reemployment to him when he visited the plant of Respondent in November, 1945, or at any other time before November, 1947. James F. Poland testified that Petitioner said nothing to him about returning to his job until November, 1947. Adam A. Orseck testified that on April 23, 1946, while employed by Respondent as route man, he met Petitioner who said that he had not approached Kachurak about his job because he wanted to see Mr. Poland.

■ The Court finds as a fact that Petitioner did not make application for reemployment with Respondent on November 27, 1945, or at any other time within the ninety day period after his honorable discharge from the United States Army Air Corps.

1. 50 U.S.C.A. Appendix, § 308(b).

The Respondent's version of the conversation of November 27, 1945, between Petitioner and Kachurak is supported by Petitioner's delay in asserting any right to reemployment he may have had. It appears from the evidence that Petitioner was employed in a shipyard in Charleston, South Carolina, from January 14, 1946, to September 18, 1946, and in the firm of Cohen and Fein, Wilkes-Barre, Pennsylvania, from January, 1947, to the time of the trial except for certain slack periods in 1947 and 1949. Petitioner testified that the first time he attempted to assert any right to reemployment he may have had was after September 23, 1946, the date of his return from South Carolina, when he reported to the Veterans' Administration. Later Petitioner inquired about his rights at a social security office and was referred to the Veterans of Foreign Wars and to an attorney in Wilkes-Barre, Pennsylvania, who advised him to see the United States Attorney in Scranton which Petitioner did in October, 1948. Suit was instituted by the United States Attorneys' office on behalf of Petitioner on September 23, 1949.

At the opening of the trial Respondent made an oral motion to dismiss the petition on the ground that Petitioner was guilty of laches because the date of his honorable discharge was November 20, 1945, and the date of the institution of this suit was September 23, 1949. In Marque v. Stern[2] this Court held that a Petitioner was barred from reinstatement and recovery under the Act where he made no attempt to assert any right to reemployment he may have had until nine months after Respondent's refusal to reemploy him and did not institute suit until more than two years after Respondent's refusal to reemploy him. Assuming in the present case that Petitioner did make application for reemployment with Respondent within the ninety day period after his honorable discharge (a fact which this Court has found did not exist), Petitioner, nevertheless, is barred from reinstatement and recovery under the Act because of his delay in asserting his rights, if any such rights existed, and this Court

has found that they did not. Judge Follmer stated the reason for this rule in Daniels v. Barfield,[3] when he said, inter alia: "Delay not only deprives the Court of the opportunity of rendering prompt aid to those entitled to it but places the defendant at a disadvantage in being lulled into a false sense of security."

The Petitioner is not entitled to restoration of his position by Respondent and is not entitled to any compensation by Respondent for loss of wages because he failed to make application for reemployment within ninety days after his honorable discharge. Even assuming that Petitioner did make application for reemployment within ninety days after his honorable discharge, a fact which this Court has found did not exist, Petitioner would be barred from reinstatement and recovery under the Act by his laches in pursuing his remedies.

From the evidence the Court finds the following facts:

1. Petitioner, Albert C. Lacek, was regularly employed as a laborer by Respondent, the Peoples Laundry Company, from April 5, 1938, to January 10, 1942, when Petitioner left the employ of Respondent for the purpose of entering the military service of the United States.

2. Petitioner enlisted in the United States Army Air Corps on January 11, 1942, and was honorably discharged from the United States Army Air Corps on November 20, 1945.

3. Within ninety days from the date of Petitioner's honorable discharge from the United States Army Air Corps, on November 27, 1945, Petitioner visited Joseph J. Kachurak, plant supervisor in Respondent's plant, Wilkes-Barre, Pennsylvania. At that time Petitioner visited friends in the Respondent's plant and talked to Kachurak and others about conditions at the plant, but did not make application for reemployment with Respondent.

4. At no time within the ninety day period did Petitioner make application to the Respondent for reemployment, and at no time within the ninety day period did

2. D.C.M.D.Pa.1950, 88 F.Supp. 306.

3. D.C.E.D.Pa.1948, 77 F.Supp. 283, 285.

Respondent refuse to restore Petitioner to a position.

5. Petitioner has not been reemployed by Respondent up to the time of the trial. Petitioner is at present ready, willing and able to return to work with Respondent.

6. Petitioner was employed in a shipyard in Charleston, South Carolina, from January 14, 1946, to September 18, 1946, and in the firm of Cohen and Fein, Wilkes-Barre, Pennsylvania, from January, 1947, to the time of the trial, except for certain slack periods in 1947 and 1949.

7. In November, 1947, almost two years after Petitioner's honorable discharge and during one of the slack periods at Cohen and Fein, where he was then employed, Petitioner did make application for reemployment with the Respondent.

8. Petitioner made no effort to assert any right he may have had to reemployment with Respondent until after September 23, 1946, the date of his return from South Carolina, when he reported to the Veterans' Administration. Later Petitioner inquired about his rights at a social security office and was referred to the Veterans of Foreign Wars and to an attorney in Wilkes-Barre, Pennsylvania, who advised him to see the United States Attorney in Scranton, which Petitioner did in October, 1948. Suit was instituted by the United States Attorneys' office on behalf of the Petitioner on September 23, 1949.

The Court makes the following Conclusions of Law:

1. Petitioner, Albert C. Lacek, did not make application to the Respondent, the Peoples Laundry Company, for reemployment within ninety days after he was honorably discharged from the United States Army Air Corps within the meaning of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(b).

2. If Petitioner were otherwise entitled to relief under the Selective Training and Service Act of 1940, as amended, and this Court has determined above that he is not so entitled, he would be precluded from relief by reason of laches in asserting his rights.

3. Petitioner, Albert C. Lacek, is entitled neither to reinstatement to his former position with the Respondent nor to compensation for loss of wages from the Respondent.

4. The prayer of the Petition of Albert C. Lacek should be denied, and the said Petition should be dismissed.