William L. BUNNELL, Plaintiff, Appellee,

v.

NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, Defendant, Appellant,

and

Knudsen Brothers Dairy, Defendant, Appellee.

No. 80–1281.

United States Court of Appeals, First Circuit.

Argued June 5, 1981.

Decided July 28, 1981.

Gabriel O. Dumont, Jr., Boston, Mass., with whom James T. Grady, and Grady & McDonald, P. C., Boston, Mass., were on brief, for defendant, appellant.

Michael Jay Singer, Atty., Civ. Div., Dept. of Justice, Washington, D. C., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., Thomas S. Martin, Acting Asst. Atty. Gen., and Robert E. Kopp, Atty., Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for plaintiff, appellee William L. Bunnell.

Before COFFIN, Chief Judge, ALDRICH and BREYER, Circuit Judges.

ALDRICH, Senior Circuit Judge.

In May, 1944 plaintiff Bunnell became a non-temporary employee of Dairy.[1] In October, 1944 he was inducted into the Army. By arrangement, he received an honorable discharge on December 18, 1945 and voluntarily enlisted the next day, serving until October 28, 1948, when he was permanently honorably discharged. Within thirty days

---

1. Defendant Knudsen Brothers Dairy is the successor to plaintiff's initial employer, Brock Hall Dairy. The change is irrelevant.

**452**

he was re-employed by Dairy, remaining there until he sought early retirement and his "minimum thirty year service pension," to commence May 1, 1975. Pursuant to an industry-wide collective bargaining agreement Dairy had been contributing to defendant New England Teamsters and Trucking Industry Pension Fund (Fund). Plaintiff was a recognized employee thereunder, and, concededly, would have been entitled to the thirty year pension had his entire term of enlistment been counted. A specific provision of the Plan, however, recognized wartime service as equivalent to employment, but did not cover plaintiff's post V.J. Day period of voluntary enlistment.[2]

The statute upon which plaintiff relies for charging Fund with his full service years, known as the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021–2026, generally requires an employer to accord to employees returning from military service full benefits that would have been their due had they remained in their employment, including seniority and pension rights. *Alabama Power Co. v. Davis*, 1977, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595. This obligation applies to voluntary enlistees as well as inductees. Section 2024(a). Nonacceding employers may be sued in the federal court. Section 2022. Fund, however, objects to being added as a defendant, claiming, first, that it is not an employer. The district court, after an elaborate analysis, found that it was an employer, and ruled that as between it and Dairy its liability was primary, to include retroactive pension benefits for all of plaintiff's military service by virtue of the Act. 486 F.Supp. 714. Fund appeals.

We are not concerned with whether Fund could be defined as an employer or whether it was independently controlled, or was Dairy's "successor in interest." Section 2021(a)(B)(i). We assume, in Fund's favor, that when, as a requirement of Dairy's collective bargaining agreement, it took over primary pension responsibilities for Dairy's employees in 1958, it need not have undertaken all pension obligations. It might, for example, have assumed responsibilities for future services only, viz., the employment years following the initiation of its agreement, provided there was no discrimination. Where, however, Dairy contracted for Fund to assume obligations for its employees' past services that treated returned veterans less favorably than its other employees, Dairy directly violated the Act. It must equally be a violation for Fund to participate, and apply Dairy's contributions to enure to the benefit of nonveteran employees and discriminate against veterans.

The district court put it somewhat differently,

"[Dairy] has delegated all of its rights of control over retirement benefits to the Fund. The Fund must therefore accept [Dairy's] statutory obligations."

but the result is the same. The short remedy is to eliminate any purported limitation to the Plan disfavoring veterans.[3] The question is not what Fund and Dairy con-

---

2. The pertinent provisions were as follows:
   "*Past Service*
   "The term 'Past Service' shall mean periods of Covered Employment for which Past Service Credit is granted in accordance with Article III hereof." Article I, Section 9.
   "*Basis Of Credit For Past Service*
   "Each employee shall be given a year of credit for each year of employment prior to the First Contribution Year in which he worked at least 135 days for one or more employers who became Contributing Employers, provided such employment was in a job classification and at a place of business covered by a collective bargaining agreement then in effect between a Local Union and an employer who subsequently becomes a Con-

tributing Employer . . . unless otherwise provided herein . . . ." Article III, Section 2.
   "*Past Service Credit For Certain Active Military Service.*
   "Past Service Credit shall be granted for periods of active military service during World War II and the Korean Conflict. . . ." Article III, Section 6.

3. Fund's claim that plaintiff might have an action at law "to challenge, as unreasonable, a pension plan regulation which denies past service credit for periods of voluntary reenlistments," 29 U.S.C. § 186; *Rueda v. Seafarers Int'l Union*, 1 Cir., 1978, 576 F.2d 939, is no answer. Reasonableness is not at issue; the exclusion was per se unlawful.

tracted or what was their relationship; the statute overrides contracts. As the Court said in *Fishgold v. Sullivan Drydock & Repair Corp.*, 1946, 328 U.S. 275, at 285, 66 S.Ct. 1105, at 1111, 90 L.Ed. 1230,

> "This legislation is to be liberally construed.... [N]o practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act."

We find no difficulty in fashioning this remedy, or in the concept that suit may be brought directly against Fund. *Cf. Smith v. Industrial Employers & Distributors Ass'n*, 9 Cir., 1976, 546 F.2d 314, *cert. denied*, 431 U.S. 965, 97 S.Ct. 2921, 53 L.Ed.2d 1061.

We deal briefly with Fund's contention that since, when he was wrongly told in 1975 that his minimum pension was not earned, plaintiff continued to work until 1978 to complete the additional three years claimed to be necessary, he is not entitled to a pension for that period. Fund's brief observes, by way of introduction, that the provisions of the Veterans' Reemployment Rights Act "had their genesis in the Selective Training and Service Act of 1940." Quite apparently Fund relies too much on the Book of Genesis. The fact that Laban was able to maneuver Jacob into serving a second seven years for Rachel, Genesis, Chapter 29, does not mean that we should endorse a similar course. Plaintiff had earned, and is entitled to, the sought retroactive payments. But for the unlawful refusal to pay, plaintiff would not have worked the additional three years.

*Affirmed.*