John R. BARON, Plaintiff,

v.

**UNITED STATES STEEL CORPORATION and United States Steel and Carnegie Pension Fund, Defendants.**

Civ. No. H–86–449.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 26, 1986.

Fred Towe, Fred W. Dennerline, III, Fillenworth, Dennerline, Groth & Baird, Indianapolis, Ind., for plaintiff.

James T. Carney, S.G. Clark, U.S. Steel Corp., Pittsburgh, Pa., Charles Myers, McHie, Myers & McHie, Hammond, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on a Motion to Dismiss Count II, or in the alternative, for Summary Judgment on Count II filed by defendant United States Steel Corporation ("USX") on August 21, 1986. In addition, codefendant United States Steel and Carnegie Pension Fund ("Carnegie") filed its own Motion to Dismiss, or in the Alternative, for Summary Judgment on August 21, 1986. Plaintiff John R. Baron filed a memorandum in opposition to both defendants on September 24, 1986 and the defendants filed a joint reply on October 30, 1986.

### I.

#### Background

The issues presented in this case involve the reemployment rights of plaintiff under the Veterans' Reemployment Act ("Act") 38 U.S.C. § 2021 et seq., and plaintiff's entitlement to certain pension funds under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et. seq. The undisputed facts reveal that plaintiff was employed by defendant USX from June 15, 1942 until he was drafted into military service on February 8, 1943. After receiving an honorable discharge from the U.S. Army Air Corps on June 16, 1946, plaintiff was granted a 28-day terminal leave which extended to July 14, 1946. Sometime between June 16 and July 14, 1986, plaintiff visited the USX employment

office at its Homestead Works plant in Homestead, Pennsylvania.

Plaintiff alleges that he applied for reemployment with USX at that time. Plaintiff was also considering additional education at the University of Pittsburgh. Of critical importance here is whether or not plaintiff actually applied for reemployment with USX within 90 days of his military discharge. Plaintiff was accepted at the University of Pittsburgh and enrolled in classes that fall. Plaintiff attended the University of Pittsburgh on a continuous basis and prior to graduation in the fall of 1949, he interviewed with USX at its main office in Pittsburgh. USX informed plaintiff that there were no positions immediately available so plaintiff continued his education in a masters degree program. Finally, in February, 1950, plaintiff was called by USX to interview for a trainee position at Gary Sheet & Tin. Plaintiff left school and started working at Gary Sheet & Tin on March 13, 1950.

On or about July 1, 1984, plaintiff filed an application for his pension benefits pursuant to the rules of the U.S. Steel 1980 Non-Contributory Pension Rules. Plaintiff was advised by defendant Carnegie that he would not be credited for service prior to March 13, 1950 for the purposes of calculating his pension benefits. Plaintiff brought this two-count complaint against his former employer, USX, and the pension fund administrator, Carnegie. Count I, which is not the subject of the court's order today, alleges a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et. seq.*, against USX. Count II invokes jurisdiction under ERISA and the Veterans' Reemployment Act. Factual allegations in Count II make out violations against both USX and Carnegie, however, the prayer for relief in Count II is directed toward Carnegie alone. In their motions, both USX and Carnegie present arguments as if USX was a proper party defendant under Count II despite the limited scope of its prayer for relief. In the spirit of liberal pleading and in order to do substantial justice, Fed.R.Civ.P. 8(f), the court construes Count II of plaintiff's complaint to state a cause of action, pursuant to 38 U.S.C. § 2021, against defendant USX.

## II.

### *Defendant USX*

USX moves the court to dismiss plaintiff's second count on the ground that it fails to state a cause of aciton upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment on the ground that there is no genuine dispute as to any factual issue and that USX is entitled to judgment as a matter of law, Fed.R.Civ.P. 56.

Section 2021 of 38 U.S.C. provides in pertinent part:

(a) In the case of any person who is inducted into the Armed Forces of the United States under the Military Selective Service Act (or under any prior or subsequent corresponding law) for training and service and who leaves a position (other than a temporary position) in the employ of any employer in order to perform such training and serice, and (1) receives a certificate described in section 9(a) of the Military Selective Service Act (relating to the satisfactory completion of military service), and (2) *makes application for reemployment within ninety days after such person is relieved from such training* and service or from hospitalization continuing after discharge for a period of not more than one year—

\* \* \* \* \* \*

(B) if such position was in the employ of a State, or political subdivision thereof, or a *private employer*, such person shall—

(i) if still qualified to perform the duties of such position, be restored by such employer or the employer's successor in interest, to such position or to a position of like seniority, status, and pay; or

(ii) if not qualified to perform the duties of such position, by reason of disability sustained during such ser-

vice, but qualified to perform the duties of any other position in the employ of the employer, or the employer's successor in interest, be offered employment and, if such person so requests, be employed in such other postiion the duties of which such person is qualified to perform as will provide such person like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in such person's case.

This provision guarantees reemployment for veterans following completion of their military service. The statutory rights to reemployment are contingent on the veteran meeting several criteria set forth in the statute. Although the statute is to be liberally construed for the benefit of those who have served their country, *Fishgold v. Sullivan Drydock & Repair Co.*, 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946); *Barrett v. Grand Truck Western R.R. Co.*, 581 F.2d 132, 135 (7th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979), plaintiff bears the burden of proving that he has satisfied the statutory requirements and is entitled to receive reemployment rights. *Trulson v. Trane Co.*, 738 F.2d 770, 772–773 (7th Cir.1984).

A critical criterion for entitlement to reemployment rights under the Act is that a veteran "must make[ ] application for reemployment within ninety days after … service." 38 U.S.C. § 2021(a)(2). In his complaint, plaintiff alleges that he made application for reemployment sometime between June 16 and July 14, 1946, well within the 90–day time limit. USX does not contest the fact that plaintiff visited its Homestead Employment Office within 90 days of his discharge; instead, USX argues that plaintiff did not apply for reemployment for purposes of the Act at that visit. USX claims that plaintiff "merely advised the office that he was going to try to go to college and that if he did not succeed in getting admitted to college, he would come back to USX and request work."

## A. Motion to Dismiss

The court first addresses USX's motion to dismiss for failing to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Ed Miniat, Inc., et al. v. Globe Life Insurance Group, Inc., et al.*, 805 F.2d 732, 735 (7th Cir.1986) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Taking all of the allegations in plaintiff's complaint as true, *Wilson v. Harris Trust & Sav. Bank*, 777 F.2d 1246, 1247 (7th Cir.1985), and viewing all of plaintiff's allegations in the light most favorable to plaintiff, *Haroco, Inc. v. American National Bank and Trust Co.*, 747 F.2d 384, 385 (7th Cir.1984), *aff'd* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), the court finds that plaintiff may well be able to prove that he did in fact apply for reemployment for purposes of the Act. Hence plaintiff's claim against USX for the alleged violation of 38 U.S.C. § 2021 should not be dismissed at this early stage of the proceedings on the ground that the complaint does not state a claim.

## B. Motion for Summary Judgment

In the alternative, USX seeks summary judgment by challenging all of plaintiff's factual allegations as legally insufficient. Because the evidentiary scope is broader under a summary judgment motion, the court's review is not limited to the four corners of plaintiff's complaint. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Box v. A & P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir.1985). The court must view the record and any reasonable inferences drawn from it in the light most favorable to the non-moving party. *P.H. Glatfelter C. v. Voith, Inc.*, 784

F.2d 770, 774 (7th Cir.1986). However, the plain language of Fed.R.Civ.P. 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

USX attempts to dispose of the factual dispute by characterizing plaintiff's conduct at the employment office as a mere inquiry as opposed to an actual application for reemployment. Before deciding whether or not plaintiff "applied" for reemployment, the court must first determine, as a matter of law, what is required for an application for the purposes of section 2021.

Neither plaintiff nor USX addressed this definitional question in their motions. The court, after conducting a survey of the available law, has discovered very few decisions on this question. Congress did not define the term "apply" in the statute and its legislative history is of little help.

■ Common sense dictates that an employer cannot be required to give every inquiry, regardless of how slight, full consideration and attention. It is clear that an application involves more than a mere inquiry. *See Lacek v. Peoples Laundry Co.,* 94 F.Supp. 399 (D.C.Pa.1950) (petitioner is not entitled to reinstatement or to payment of damages for loss of wages, where he merely visits supervisor and inquires as to conditions in plant, but failed to file application); *Flynn v. Ward Leonard Electric Co.,* 26 L.R.R.M. 2030 (D.C.N.Y.1950) (telephone call to former supervisor inquiring as to conditions at plant, after which veteran did nothing during 90–day period, does not amount to application for reemployment and rights are lost). However, the court does not hold that a veteran must submit a written application in every situation. *See Borseth v. Lansing,* 338 Mich. 53, 61 N.W.2d 132 (1953) (reinstatement rights are not lost where policeman talked

to chief about reinstatement rather than making formal application to employment board). Rather than fashioning a bright-line test, the court holds that a case-by-case determination which focuses on the intent and reasonable expectations of both the former employee and employer, in light of all the circumstances, would best serve the goals of the Act.

In the instant action, USX characterizes plaintiff's conduct as a mere inquiry rather than an actual application for employment. USX argues that plaintiff did not apply for reemployment; instead, USX maintains that plaintiff "merely advised the office that he was going to try to go to college and that if he did not succeed in getting admitted to college, he would come back to USX and request work." USX's argument is that plaintiff, at best, made a conditional application, that is, he would apply for reemployment *only* if he did not gain admittance to college that fall.

Plaintiff responded to USX by submitting his own affidavit relating his version of what occurred that day at the employmnt office. However, his own affidavit substantiates the conditional nature of his inquiry. Plaintiff's affidavit states:

2. I told the interviewer at the employment office that I was seeking employment and that I planned to apply to college for acceptance that Fall but that I doubted I would be accepted due to it being late in the Summer. The interviewer agreed that it would be difficult to gain acceptance this late in the Summer but he nevertheless encouraged me to make application to attend college. The interviewer did not tell me whether or not there were jobs available. He asked me to notify him if I was accepted.

■ It is noteworthy that plaintiff did not fill out an application nor did he allege the existence of any written evidence of his application. As discussed earlier, the court does not mean to suggest that a written application is required for purposes of section 2021, however, the existence of a written application would go a long way in assisting plaintiff to prove that he did ap-

ply. Because plaintiff bears this burden at trial, *Trulson v. Trane Co.*, 738 F.2d 770, 772–73 (7th Cir.1984), he also bears the burden of establishing the existence of this element at the summary judgment stage. *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

By the terms of his affidavit, plaintiff demonstrates that he did not intend to apply for work until he heard from the University of Pittsburgh. The affidavit reveals that plaintiff pursued his application to college first and was going to notify the employment office of the results of his attempt to attend college. USX could not reasonably have been expected to treat plaintiff's visit that day as a formal application under those circumstances. This is further evidenced by the fact that the interviewer asked plaintiff to notify him if plaintiff was accepted to college. This reveals that the interviewer did not consider plaintiff's inquiry as an application.

Therefore, accepting plaintiff's version of what occurred on that day as true, the court finds that plaintiff did not "apply" for reemployment for purposes of section 2021. Plaintiff's discussion with the interviewer was merely an inquiry and did not place any obligation on USX to reemploy plaintiff.

In addition, the court finds that, even if plaintiff had applied that day, his claim against USX must fail because plaintiff does not allege any violation of the Act. The Act requires a former employer to reemploy a qualified veteran to his former or comparable position. Plaintiff here has not alleged that USX refused to reemploy him. In fact, by his affidavit plaintiff reveals that he withdrew his application (assuming for the sake of argument that one was made) as soon as he gained admittance to college. Plaintiff's affidavit states:

> I was accepted at the University of Pittsburgh the first week of August, 1946, and advised the interviewer of my acceptance.

An employer cannot be found to be in violation of the Act for failing to reemploy a former employee where that employee withdraws his own application. Therefore, even if it were determined that the instant plaintiff had applied for reemployment, his claim must still be denied for failing to allege a violation of the Act by USX. For the foregoing reasons, the court GRANTS USX's motion for summary judgment on Count II of plaintiff's complaint.

### III.

### *Defendant Carnegie*

Carnegie moves the court to dismiss plaintiff's second count on the ground that it fails to state a cause of action upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment on the ground that there is no genuine dispute as to any factual issue and that Carnegie is entitled to judgment as a matter of law, Fed.R.Civ.P. 56.

### *A. Section 2021 Claim*

Again, the court notes that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Ed Miniat, Inc., et al. v. Globe Life Insurance Group, Inc., et al.,* 805 F.2d 732, 735 (7th Cir.1986) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Carnegie argues that plaintiff's claim against it under the Act should be dismissed because Carnegie is not an "employer" as defined by the Act. Carnegie does not cite any authority for its position, it relies only on the language of section 2021 which uses the term "employer." In response, plaintiff, also without citing to any authority, argues that unless Carnegie is found to be covered by the Act then he "will be unable to obtain the relief he seeks."

Initially, the court admonishes counsel for both sides for failing to cite to existing case law on this issue. In *Bunnell v. New England Teamsters,* 486 F.Supp. 714, 718–22 (D.C.Mass.1980), *aff'd on other*

*grounds,* 655 F.2d 451 (1st Cir.1981), a district court, in a thorough and well-reasoned opinion, addressed the question of whether a pension fund was an "employer" within the meaning of 38 U.S.C. §§ 2021 and 2022. The court in that case found, on the particular facts before it, that a pension fund was an employer for purposes of the Act. *Id.* at 721.

Because the parties have failed sufficiently to brief this question, the court cannot find that plaintiff will be unable to present any set of facts to prove its claim against Carnegie. Accordingly, Carnegie's motion to dismiss will be taken under advisement. Likewise, the court will refrain from ruling on a summary judgment motion in this regard because of the inadequate preparation by both parties. The court, pursuant to Fed.R.Civ.P. 56(f), now ORDERS both parties to submit additional memoranda on the potential liability of Carnegie under the Act.

### B. ERISA Claim

In Count II of his complaint, plaintiff alleges that "Section 5 of the Part II(J) Pension Rules violated the provisions of ... ERISA, 29 U.S.C. § 1001, *et seq.*" Carnegie argues that plaintiff should be barred from challenging its pension rules because of his failure to exhaust administrative remedies. Plaintiff counters by claiming that his charge against Carnegie is the type that does not require the exhaustion of administrative remedies.

The court notes that before determining whether plaintiff should or should not be required to exhaust his administrative remedies, it is necessary to ascertain the nature of plaintiff's ERISA claim. However, plaintiff has made the most general reference to the ERISA statute—"29 U.S.C. § 1001, *et seq.*"—he has not specified exaclty what section of ERISA Carnegie has allegedly violated. Without more of an indication as to the basis of plaintiff's ERISA claim, the court cannot rule on Carnegie's summary judgment motion on the ground plaintiff failed to exhaust his administrative remedies.

In that regard, the court finds that plaintiff should provide a more definite statement, Fed.R.Civ.P. 12(f), concerning the exact grounds of his ERISA claim. In most cases grounds for dismissal or for a more definite statement are raised by the parties. However, a court may dismiss a complaint *sua sponte* if it notifies the plaintiff of its intent to dismiss and gives the plaintiff an opportunity to amend the complaint or to respond in writing to the reasons for the intended dismissal. *Morrison v. Tomane,* 755 F.2d 515, 516 (6th Cir. 1985); *Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337, 1341 (9th Cir.1981). Accordingly, plaintiff is hereby directed to provide a more definite statement as to the grounds of its ERISA claim within fifteen days of receipt of this order.

### IV.

### Laches

Finally, both USX and Carnegie argue that plaintiff's reemployment claim should be equitably barred because of his failure to raise his objection timely. Without addressing the merits of defendants' laches defense, the court notes that defendants first raised this defense in their final reply brief, consequently, plaintiff has not had an opportunity to respond.

Therefore, the court will take defendants' joint motion for summary judgment, grounded on laches, under advisement until plaintiff has been given an opportunity to adequately respond.

### CONCLUSION

For the foregoing reasons, the court now ORDERS:

1. Defendant USX's Motion to Dismiss Count II is hereby DENIED;

2. Defendant USX's Motion for Summary Judgment on Count II is hereby GRANTED;

3. Defendant Carnegie's Motion to Dismiss and Motion for Summary Judgment on the Veterans Reemployment Act claim in Count II are both to be

taken under ADVISEMENT until the parties have more adequately briefed Carnegie's liability under the Act. In that regard, the court ORDERS Carnegie to file a memorandum of law within fifteen days of receipt of this order, plaintiff will then have ten days in which to respond;

4. Defendant Carnegie's Motion to Dismiss and Motion for Summary Judgment on the ERISA claim in Count II are also to be taken under ADVISEMENT. Plaintiff is hereby ORDERED to provide a more definite statement as to the grounds for his ERISA claim within fifteen days of receipt of this order. Failure to provide this additional information will result in dismissal of the claim. After plaintiff's filing in this regard, Carnegie may reassert either of its motions with additional motions and/or memoranda within ten days. Plaintiff will then be given five days in which to respond to Carnegie; and finally,

5. Defendants' joint Motion for Summary Judgment, grounded on laches, will be taken under ADVISEMENT until plaintiff has been given an opportunity to adequately respond. Accordingly, plaintiff is hereby ORDERED to file a response to defendants' laches defense within fifteen days of receipt of this order, defendants will then have ten days in which to reply.