ORDER

RUSSELL G. CLARK, Senior District Judge.
This matter comes before the Court on the defendants’ motion for Temporary Restraining Order, and cross-motions of the parties for summary judgment. The issues presented in this case have been extensively briefed and the record presently'before the Court is wholly sufficient for purposes of determining the motions for summary judgment. Based on the factual statements agreed to herein, there are no genuine issues of material fact yet to be determined. The Court has fuHy considered the legal arguments advanced by each of the parties and based on the law appHcable to these issues the Court wiU grant defendants’ motion for summary judgment and deny plaintiffs motion for summary judgment. AdditionaUy, defendants’ motion for TRO wül be denied as moot and the defendants’ request for summary judgment on their counterclaim wiH be granted as set out herein.
There are well settled principles in ruhng a motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. Camp v. Commonwealth Land Title Ins. Co., 787 F.2d 1258, 1260 (8th Cir.1986). However, because summary judgment remedy is drastic, it should not be granted unless the moving party has estabhshed the right to a judgment with such clarity that there is no room for controversy. Umpleby v. United States, 806 F.2d 812, 814 (8th Cir.1986). In addition, the party opposing summary judgment motions may not rest upon the allegations in their pleadings. The nonmovant must resist the motion by setting forth specific facts showing there is a genuine issue of *1411 fact for trial. Fed.R.Civ.P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). In AGRISTOR Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987), the Court stated that such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences to be drawn from the underlying facts. In Celotex Coup. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986), the court held that summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case. “In such a situation, there can be ‘no genuine issue as to any material fact’ since a complete failure of proof concerning an essential element of the nonmoving party’s case necessarily renders all other facts immaterial.”
In ruling a motion for summary judgment, the Court does not decide material factual issues, rather it determines whether or not they exist. Columbia Union Nat’l Bank v. Hartford Accident & Indem. Co., 669 F.2d 1210, 1212-13 (8th Cir.1982). Summary procedures are appropriate where the issues for resolution are primarily legal rather than factual. Lomar Wholesale Grocery, Inc. v. Dieter’s Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir.1987), cert. denied, 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgment is appropriate. Id. at 585.
With these standards in mind, the Court will proceed to consider the cross-motions for summary judgment.

FACTUAL BACKGROUND

The parties have extensively briefed the facts involved in this case. To that end, there have been many references as to the inaccuracy of the opposing parties’ interpretation of the facts. However, the challenges to the facts at issue in this case are technical and have no bearing as to any material facts at issue. The Court will now endeavor to describe the basic facts around which the issues herein revolve.
Edward F. McDaris died on June 30, 1984 and the Circuit Court of Greene County, Missouri, Probate Division had jurisdiction over the administration of his estate. Frederick Dale McDaris was the duly appointed personal representative of the Estate of E.F. McDaris by the Circuit Court of Greene Count, Missouri, Probate Division. On April 1, 1985, Frederick Dale McDaris made payment to the Internal Revenue Service in the amount of $78,538.00, and made payment to the Missouri Department of Revenue in the amount of $26,678.00 for estate taxes owed by the Estate of E.F. McDaris on behalf of the estate.
On April 1, 1985, Frederick Dale McDaris requested a loan from Commerce Bank of Springfield, Missouri, to the Estate of E.F. McDaris for payment of the estate taxes referred to above. The real property referred to in plaintiffs’ complaint constitutes all of the real estate inventoried into the Estate of E.F. McDaris. On April 3, 1985 Frederick Dale McDaris filed a Petition for Authority to Borrow Monies and Pledge Assets in the Estate of E.F. McDaris, and on that same date, the Circuit Court of Greene County, Missouri, Probate Division, entered its Order authorizing the estate to borrow funds and execute deeds of trust covering the real estate to secure the loan in order to reimburse Frederick Dale McDaris for the estate taxes paid. On April 4, 1985, Commerce Bank of Springfield, Missouri approved a loan in the amount of $105,216.00 to the Estate of E.F. McDaris; the loan closed on May 8, 1985, and on that date, a Promissory Note and Deed of Trust were executed by Frederick Dale McDaris as personal representative of the Estate of E.F. McDaris.
On October 30, 1985, Frederick Dale McDaris made payment on behalf of the Estate of E.F. McDaris to the Internal Revenue Service in the amount of $32,154.00 for the balance of the estate taxes believed to be due from the Estate of E.F. McDaris. On November 5, 1985, Frederick Dale McDaris borrowed the sum of $32,000.00 from Christian County National Bank for the purpose of making payment to the IRS on behalf of the Estate of E.F. McDaris, deceased. On March 27, 1986, Frederick Dale McDaris *1412 filed a Petition for Partial Distribution in the Circuit Court of Greene County, Missouri, Probate Division, in the Estate of E.F. McDaris, for the purpose of borrowing additional funds to pay off the loan referred to above and to pay certain other estate expenses. On March 27, 1986, the Probate Division entered its Order approving the Petition of Partial Distribution.
On May 1, 1986, the Christian County National Bank made a loan in the amount of $180,000.00 to Frederick Dale McDaris, secured by the property at issue herein; the proceeds of the loan were distributed as follows: $97,997.67 was disbursed directly to Commerce Bank to pay off the loan made to the Estate of E.F. McDaris and to obtain release of the Deed of Trust conveyed by the estate to secure such loan; $32,915.29 was disbursed to Christian County National Bank to pay the principal and accrued interest on the loan obtained by Frederick Dale McDaris for the purpose of paying the balance due the IRS on the estate taxes due from the Estate of E.F. McDaris; $17,816.65 was disbursed directly to the Greene County Collector of Revenue in payment of real estate taxes due on the property at issue herein; $1,800.00 was retained by Christian County National Bank as a loan origination fee; and the balance of $39,470.39 was deposited into a checking account at Christian County National Bank titled in the name of the Estate of E.F. McDaris, Fred D. McDaris, Personal Administrator.
The United States is seeking in this lawsuit to foreclose an estate tax lien pursuant to 26 U.S.C. § 6324(a)(1) on two parcels of real property originally belonging to the Estate of Edward F. McDaris and subsequently transferred to Frederick Dale McDaris as the beneficiary of the Estate of E.F. McDar-is. Frederick Dale McDaris sold part of the distributed real estate to defendant, West-wood Industrial Park. Additionally, the remaining portion of the real estate at issue herein was acquired by defendant, Warren B. Davis Revocable Living Trust, from Landmark Bank, which had acquired title through foreclosure of a Deed of Trust from Frederick Dale McDaris.
The Court has determined that the above mentioned facts are uncontroverted to the extent that they have any bearing on any issue of material fact. Plaintiff asserts that the $105,216.00 loan from Commerce Bank of Springfield, Missouri and secured by the property at issue herein was not used wholly for the purposes of paying federal estate tax obligations and that a portion was used to pay taxes owed to the State of Missouri by the Estate of E.F. McDaris. Defendants have no dispute with this characterization of the facts and further assert that thére is no dispute that all of these loan proceeds were used to pay bona fide estate expenses and were approved by the Circuit Court of Greene County, Probate Division. There is a dispute as to whether the subsequent $180,-000 loan from Christian County National Bank came under the provisions of § 6324(a)(1); however, as the Court will discuss further, supra, the $180,000 has absolutely no bearing on the Court’s decision and will not be considered in that regard.

LEGAL ANALYSIS

The entire dispute presently before the Court centers on the Court’s interpretation of 26 U.S.C. § 6324(a)(1) and its application to the facts as set out above. That section of the Code is as follows:
Sec. 6324. Special liens for estate and gift taxes.
(a) Liens for estate tax.
Except as other wise provided in subsection (c)—
(1) Upon gross estate. Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien, (emphasis added).
The Court has highlighted the portion of the Code disputed herein. Plaintiffs have sought to execute on property that was once part of the gross estate of E.F. McDaris. There is no dispute that there exists a deficiency with respect to the estate taxes paid on behalf of the Estate of E.F. McDaris. *1413 Accordingly, the United States is now seeking to execute on the gross estate pursuant to a § 6324(a)(1) lien. However, defendants argue that either (1) they are not transferees subject to the lien; or (2) the lien was divested by the fact that Frederick Dale McDaris, acting as personal administrator, pledged said property as collateral for loans used to pay appropriate estate expenses approved by the Circuit Court of Greene County, Probate Division. Additionally, defendants have asserted arguments of estoppel, waiver, and res judicata. Because the Court, as discussed below, has determined that the lien was divested pursuant to § 6324(a)(1) the Court will not address the defendants’ arguments with respect to estoppel, waiver, and res judicata.
The Court in analyzing this issue must first state that it has become obvious that the equities lie with the defendants. The fact that this lien has first been asserted almost ten-years from its inception when coupled with the fact that it is not required to be recorded at any time or any place results in what is appropriately deemed a “secret lien”. However, the law is well settled that the United States is well within its rights in asserting its lien for the first time against subsequent transferees of property regardless of the harsh consequences of such state of the law.
There exists no dispute that the property in question was part of the gross estate from which the lien at issue emanated. Further, there exists no question as to whether the lien validly attached as to these properties as of the date of E.F. McDaris’ death. The Court finds that there is no basis for disputing defendants’ transferee status. As a result, the only issue before the Court is whether the subsequent actions with respect to the administration of the Estate of E.F. McDaris operated to divest the subject properties of the valid tax hens created by operation of 26 U.S.C. § 6324(a)(1).
In order for the hen to be divested it is subject to two prerequisites: (1) that the subject property be used to pay expenses of the estate; and (2) that the expenses be approved by a court with jurisdiction to make such determination. The Court will consider only the loan approved by Commerce Bank of Springfield, Missouri for $105,216.00 as it is sufficient for purposes of this analysis. The plaintiff concedes that the loan proceeds from this transaction were used to pay valid expenses of the estate as contemplated by § 6324. (United States’ Beply Suggestions in Support of its Motion for Summary Judgment, at 9-10). Further, the plaintiff concedes that the real estate at issue in this htigation was used as collateral for the aforementioned loan and was appropriately part of the estate at the time it was pledged. Lastly, with respect to this loan, there is no dispute that it and the subsequent expenditures were approved by the Circuit Court of Greene County, Probate Division, and that said court had the requisite jurisdiction to make such a determination. Plaintiff has effectively conceded that the subject properties are divested of the § 6324 hen but plaintiff argues that there is only partial divestment.
Plaintiff relies on one case in support of its position. It asserts that United States v. Security-First Nat. Bank of Los Angeles, et al., 30 F.Supp. 113 (S.D.Cal.1939) stands for the proposition that a § 6324(a)(1) hen may be partially divested and should be apphed to the case at bar. In Security-First, there were two parcels of land at issue. The first parcel had a mortgage against it and the proceeds were used to pay estate expenses. However, the government had asserted its § 3186 (predecessor to 26 U.S.C. § 6321) hen on that property and the Court determined that there was no need for the § 312(a) (predecessor to § 6324(a)(1)) foreclosure.
Plaintiff suggests that the Court should rely on the Security-First court’s analysis with respect to the second parcel of land. There, the estate secured a $10,000.00 note with a mortgage on the second parcel. The estate subsequently obtained an additional $6,000.00 secured by the second parcel. With these proceeds, the estate paid certain approved expenses but did not expend the entire amount. Further, the estate paid certain expenses not approved by the probate court.
There, the court began its analysis by determining that estate property pledged as collateral for a loan to pay estate expenses under the theory of equitable conversion is *1414 effectively “used” to pay estate expenses as contemplated by § 312(a) (predecessor to § 6324(a)(1)). Plaintiff suggests that the Security-First court then held that the property was divested of the lien only to the amount of the approved expenses and not as to the balance of the loan. From this interpretation, plaintiff then proposes that this Court fashion a rule whereby a lien subject to divestment due to a loan on certain real property is divested only to the extent of the loan and continues to exist with respect to any equity remaining in the property.
Without setting out the defendants’ arguments against such an application of Security-First it is sufficient to state that defendants argue that plaintiffs interpretation is unfounded. The Court agrees with defendants’ position. The facts of Security-First are not necessarily similar to those existing in the case at bar. There, the court considered only the proceeds from the loan against the land in determining to what extent the lien divested. In doing so, the court determined that where there is a known quantity of proceeds and a certain portion are used for the payment of approved estate expenses the lien is divested to that extent. However, the court determined that as to the remainder of the proceeds that were subject to sufficient tracing would be subject to the lien. There was no consideration of any equity in the property.
The Security-First situation is not applicable to the case at bar. Here, the subject property was used as collateral for a $105,216 loan. The entire amount of the loan proceeds was used to pay approved estate expenses. The plaintiff at one time suggested that the dispute in the language as between requesting approval of a loan to pay the Internal Revenue Service estate taxes and the resulting Order allowing for the payment of estate taxes was sufficiently different to result in the disapproval of the payment of approximately $26,000.00 to the State of Missouri. Plaintiff now concedes that such payment was for valid estate expenses and was approved by the appropriate court. In this case, there was no excessive loan balance which might be the subject of a Security-First type partial divestment. Rather, the entire loan balance was appropriately expended. Now, the plaintiff seeks to extend the Security-First analysis to include not only the excessive loan balance but also whatever equity that might have existed in the property at the time of the loan.
The Court has found no case law, nor have the parties been able to provide any such reference other than an IRS Revenue Ruling, which would support such an extension of the Security-First analysis. Additionally, that particular Revenue Ruling is in line with the Security-First interpretation with respect to an excess loan balance and not as to any equity in real estate. Moreover, even if read to apply to such equity the Court does not find such an argument persuasive in this instance as it is the plaintiffs own Revenue Ruling and nothing more. The Court will not speculate as to the hypothetical situation offered by plaintiff as it simply is irrelevant to the decision in this case. Rather, it is the finding of the Court that where, as in this case, the subject property is used as collateral for a loan and that loan is used to pay approved and valid estate expenses the property comes under the provisions of § 6324(a)(1).
The Court finds that the real estate parcels at issue herein were “used for the payment of charges against the estate and expenses of its administration, [and were] allowed by [a] court having jurisdiction”. 26 U.S.C. § 6324(a)(1). Further, the Court finds that it would be wholly inappropriate to extend the analysis of Security-First to include whatever equity may have existed in the property at the time Commerce Bank of Springfield, Missouri agreed to accept such property as collateral for the loan used to pay estate expenses. Therefore, the Court finds that the subject property was divested of the lien as of the date the Circuit Court of Greene County, Probate Division, approved the use of such funds. The Court can not leave this issue without reemphasizing its finding that there is no basis for partial divestment of a lien with respect to any equity in property above the loan amount. Once the property is accepted as collateral and the arrangement is approved by the court of competent jurisdiction, the test for divestment under 26 U.S.C. § 6324(a)(1) are *1415 met and the lien ceases to exist as to such property.
The Court has found that the lien divested as of the date of approval by the Circuit Court of Greene County, Probate Division. Accordingly, the Court has determined that the defendants herein took the subject properties free and clear of any estate tax lien asserted by the government and pursued by complaint before this Court. The Court will therefore grant the defendants’ motion for summary judgment and deny plaintiffs motion for summary judgment. Further, the Court will order that the lien asserted by the United States herein is void as to the subject property and will grant summary judgment with respect to defendants’ counterclaim and order the United States to refrain from attempting to levy upon said property. The defendants’ motion for Temporary Restraining Order will be denied as moot. Ail other motions now pending having been mooted by the Court’s grant of defendants’ summary judgment motion will be denied.
Accordingly, it is hereby
ORDERED that the defendants’ motion for summary judgment is granted; and it is further
ORDERED that the plaintiffs motion for summary judgment is denied; and it is further
ORDERED that the Clerk is directed to enter judgment in favor of defendants and against plaintiff; and it is further
ORDERED that the United States is not to attempt to levy execution on defendants’ property pursuant to the lien deemed divested herein; and it is further
ORDERED that the defendants’ motion for Temporary Restraining Order is denied; and it is further
ORDERED that all other motions now pending are denied as moot.