**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40488

(Summary Calendar)
_____

DAVID M JORDAN,

Plaintiff-Appellant,

versus

GRANT JONES, District Attorney,

Defendant

and

CARLOS VALDEZ, District Attorney; NUECES COUNTY;
KLEBERG COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(C-94-CV-38)
_____

May 8, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

David M. Jordan appeals the district court's judgment in the

defendants' favor in his suit alleging a violation of the Veteran's

Reemployment Rights Act ("VRRA" or "the Act"), 38 U.S.C. § 4301 *et*

_____

[*]       Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

*seq.*  We affirm the district court's judgment, but we vacate the district court's award of costs against Jordan.

I

Jordan was a reserve officer called to active duty for Operation Desert Storm.  After he was honorably discharged from the Armed Forces, Jordan returned to Corpus Christi, Texas to resume his former position as an assistant district attorney of the 105th Judicial District of the State of Texas.  The district attorney, Grant Jones, refused to reinstate Jordan because Jones's staff had discovered very explicit sexual material throughout Jordan's office while Jordan had been on active duty.

The sexually explicit materials, which the district court described as "base smut," had been mailed directly to the Kleberg County District Attorney's official post office box and was addressed to Jordan.[1]  Jordan had been receiving these materials at the office before he left for Desert Storm, and they continued to arrive after he left.  Two secretaries employed by Kleberg County discovered the materials when they were clearing Jordan's office to permit a substitute assistant district attorney to use Jordan's office and handle his case load while he was on duty.  Jones decided that Jordan's conduct was cause for termination because he believed Jordan's reading materials could subject the district

---

[1]     Jordan admitted at trial that he had a stack two-foot high of sexually explicit magazines, books, and advertisements, many of which were "more sexually explicit than Hustler and would have been considered shocking to many people."  The district court described the materials which were admitted at trial as depicting oral-genital contact, homosexual oral-genital contact, and graphic pictures of heterosexual and homosexual intercourse.

attorney's office to a Title VII hostile work environment lawsuit. Jones was also concerned about the negative impact such materials could have on his office's public image as an effective and credible arm of law enforcement. After Jordan rejected Jones's suggestion that Jordan retire quietly, Jones terminated Jordan.

Jordan then filed suit against the defendants for backpay and reinstatement alleging a violation of the VRRA. After a bench trial, the district court entered judgment for the defendants and awarded them costs. On appeal, Jordan argues that the district court erred (1) by finding that the VRRA did not require Kleberg County to automatically reinstate him; (2) by finding that Kleberg County had legally adequate cause to terminate him; (2) by finding that Nueces County was not Jordan's employer; and (3) by awarding costs to the defendants.

II

The VRRA provides that a person who leaves a permanent employment position with a State to perform training and service in the Armed Forces of the United States shall be restored to his former or a similar position if he is still qualified to perform the duties of the position, and he follows certain statutory requirements.[2] 38 U.S.C. § 4301(a)(2)(B)(I). Section 4301(b)(1)(A) provides that veterans who have been restored to their former positions cannot be discharged for one year after

---

[2] The Act requires that the returning veteran receive a certificate demonstrating satisfactory completion of military service and make application for reemployment within ninety days after he is discharged. 38 U.S.C. § 4301(a).

reemployment without cause.  38 U.S.C. § 4301(b)(1)(A).

The district court held that Kleberg County did not violate 38 U.S.C. § 4301(a)(2)(B) when it refused to reinstate Jordan because Jordan did not leave the district attorney's office in good standing.  The district court concluded that since Kleberg County could have fired Jordan for cause before he left for active service, § 4301(a)(2)(B) did not require Kleberg County to reinstate Jordan after he returned.  Jordan argues that § 4301(a)(2)(B) grants returning veterans a mandatory right of reinstatement regardless of whether they left their job in good standing or not.  In the alternative, Jordan contends that even if he did not have a mandatory right of reinstatement, he was not on notice that his conduct was prohibited; therefore, Kleberg County did not have legally sufficient cause to terminate him.

"The Veterans' Act was drafted with the intent to shield a serviceman from discrimination by his employer, not to arm him with a sword to punish his employer for some perceived wrong unconnected to his status."  *Burkart v. Post-Browning, Inc.,* 859 F.2d 1245, 1250 (6th Cir. 1988).  Congress intended the VRRA to protect veterans and reservists from "discharge without cause" resulting from the veteran or reservist status, not to give employee veterans and reservists a preference over other employees.  *Monroe v. Standard Oil Co.,* 452 U.S. 549, 560-61, 101 S. Ct. 2510, 2516-17, 69 L. Ed. 2d 226 (1981) (internal quotations marks omitted).

Jordan argues that Kleberg County had a mandatory duty under the VRRA to reinstate him when he returned from active service.

-4-

However, an employer can terminate or refuse to reinstate a veteran or reservist once he returns from active service or training, if the employer had legally sufficient cause to terminate the employee at the time that he left. *See Burkart,* 859 F.2d at 1248 (holding that because reservist only gave his employer fifteen minutes' notice of his intent to leave for three weeks of training, the employer had sufficient cause to refuse to reinstate the reservist when he returned from training); *Sawyer v. Swift & Co.,* 836 F.2d 1257, 1260-61 (10th Cir. 1988) (holding that employer properly terminated reservist for cause because reservist failed to give his employer adequate notice of his intent to leave for training). Therefore, we hold that if an employer has sufficient cause to terminate an employee veteran or reservist at the time that he leaves for active service or training, the VRRA does not require the employer to reinstate the employee before the employer terminates him for cause.

An employer can terminate a veteran or reservist for cause if the discharge satisfies two criteria of reasonableness: (1) "that it is reasonable to discharge employees because of certain conduct, and [(2)] that the employee had fair notice, express or fairly implied, that such conduct would be ground for discharge." *Carter v. United States,* 407 F.2d 1238, 1244 (D.C. Cir. 1968). In assessing the adequacy of an employee's notice, the ultimate issue is "whether the conduct was or should have been known to the employee to be prohibited by the employer." *Id.* at 1246. This is a question of fact which we review under the clearly erroneous

standard. *Id.*

Jordan argues that Kleberg County could not terminate him for cause based on his receipt of sexually explicit materials because he was not on notice that this behavior was prohibited by his employer. The trial court specifically found that Jordan knew that if anyone at the district attorney's office discovered his collection of sexually explicit materials, he would be terminated. The court found that Jordan knew that his actions were not within those reasonably and ordinarily accepted standards of personal conduct expected of employees in a public district attorney's office. The evidence at trial demonstrated that Jordan's boss, Grant Jones, had a policy against having sexually explicit materials in the office. Jones testified that he developed this policy after an incident occurred involving the display of a sexually explicit magazine in one of the offices. The only evidence to the contrary was Jordan's testimony that he believed he was allowed to have the materials at the office as long as they were not on his desk. Given the trial court's superior ability to assess the credibility of the witnesses, we conclude that the court's finding that Jordan knew his behavior was prohibited by his employer was not clearly erroneous. Accordingly, the district court did not err in concluding that Kleberg County had cause to terminate Jordan.

III

Jordan next argues that the district court erred in holding that Nueces County was not his employer and therefore not subject

to liability under the VRRA. Section 4302 entitles an employee veteran to file suit against his employer if the employer fails to comply with the VRRA. The term "employer" in § 4302 should be broadly construed to include the "one to whom the veteran provides services and from whom he receives wages," as well as those bodies to whom a veteran's "employer in the traditional sense, has delegated certain aspects of the employment relationship." *Bunnell v. New England Teamsters and Trucking Indus. Pension Fund,* 486 F. Supp. 714 (D. Mass. 1980), *aff'd,* 655 F.2d 451 (1st Cir. 1981).

The testimony at trial indicated that Jordan received his salary, vehicle, gas, and the furnishings for his office from Kleberg County. Although Jordan accepted ten guilty pleas and worked on two cases for the Nueces County office during his three year period as assistant district attorney, this amount of work is extremely insignificant in comparison to the seven to eight hundred cases that Jordan prosecuted for Kleberg County *each year*. Based on the foregoing evidence, we conclude that the district court did not err in concluding that Nueces County was not Jordan's employer.

IV

Finally, Jordan argues that the district court erred in assessing costs against him. Valdez and Kleberg County concede that it was error for the court to assess costs against Jordan. Nueces County cites an irrelevant statute, and simply states that if the court finds that the award of costs was in error, the error was harmless.

Section 4302 specifically provides:

If any employer, who is a private employer of a State or political subdivision thereof, fails or refuses to comply with the provisions of [specified sections] of this title, the [appropriate] district court of the United States . . . shall have the power, upon filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. . . . Upon application to the United States attorney or comparable official . . . by any person claiming to be entitled to such benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions. No fees or court costs shall be taxed against any person who may apply for such benefits. . . .

38 U.S.C. § 4302. One court has interpreted the "no fees shall be taxed" provision as being controlling only when the plaintiff applies to and is represented by a United States attorney or a comparable official. *See Newport v. Michelin Aircraft Tire Corp.,* 851 F. Supp. 1406, 1408 (W.D.Mo. 1994). Arguably, it is ambiguous whether the language "any person who may *apply* for such benefits" is meant to refer only to a person who makes "an *application* to the United States attorney or a comparable official," not one who pursues his rights under the VRRA through a private attorney. However, the legislative history accompanying the enactment of a subsequent provision of the VRRA, which applies to reemployments initiated on or after the first day after the 60-day period beginning on Oct. 13, 1994, convinces us that Congress intended § 4302 to prevent any person claiming benefits under the VRRA from being assessed costs. In describing the new provisions, the Senate

-8-

Report states:

> New section 4322(c)(2) would provide that no fees or court costs could be charged or taxed against any individual pursuing a claim of a violation of his or her [rights under the VRRA].  If that individual were the prevailing party, the court could, in its discretion, award the individual reasonable attorney fees, expert witness fees, and other litigation expenses when not represented by the Attorney General.  The prohibition against charging fees or costs exists in present section 4302.  The Committee bill would authorize the award of attorney fees, expert witness fees, and other litigation expenses as a further effort to make servicemembers whole and not have them suffer any loss in realizing their reemployment rights.

S.Rep. No. 158, 103d Cong., 1st Sess. (1993).  Accordingly, we conclude that Congress intended § 4302 to prohibit district courts from awarding costs against a person who is pursuing a claim of a violation of his rights under the VRRA irregardless of who represents him.  Therefore, we hold that the district court erred in awarding costs for the defendants.

V

For the foregoing reasons, we AFFIRM the judgment of the district court in the defendants' favor and VACATE the award of costs against Jordan.